NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0094n.06
Filed: February 4, 2009

07-4002

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| SEAN WALSH et al., | ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| AT&T CORPORATION, | ) | NORTHERN DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellee. | ) | |

Before: DAUGHTREY and GIBBONS, Circuit Judges; ZATKOFF,[*] District Judge.

PER CURIAM. Following his termination from employment at AT&T, plaintiff Sean Walsh filed suit against that company, alleging violations of the Americans With Disabilities Act (ADA), 42 U.S.C. §§ 12101 - 12213, the Family and Medical Leave Act (FMLA), 29 U.S.C. §§ 2601 - 2654, and various Ohio state law provisions and policies. In his complaint and amended complaint, Walsh asserted that AT&T had: fired him from his sales position because of his ongoing battle with ulcerative colitis, in violation of both state and federal disability laws and in violation of Ohio public policy; failed to return him to an "equivalent position" upon his return from medical leave, in violation of the FMLA; and

---

[*]The Hon. Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation.

intentionally inflicted emotional distress upon him. The complaint also contained a derivative loss-of-parental-consortium claim.

The district court granted summary judgment to AT&T on all claims. In addressing the plaintiff's ADA claims under both state and federal law, the court concluded that Walsh failed to establish a *prima facie* case. In support of that conclusion, the court found a lack of proof that the ulcerative colitis "substantially limited" Walsh in a major life activity, that the defendant had refused Walsh a reasonable accommodation for his condition, that AT&T "regarded" the plaintiff as disabled, or that Walsh was subjected to an adverse employment action *because of* his alleged disability. The district court also ruled that even if the plaintiff could establish a *prima facie* case of discrimination, the defendant had offered a legitimate, non-discriminatory reason for its employment action and that Walsh had produced no evidence to show that the justification articulated by AT&T was merely a pretext for prohibited discrimination.

Likewise, the district court rejected Walsh's FMLA claims – under both an entitlement/interference theory and a retaliation/discrimination theory – because the proof showed that the employer had returned the plaintiff to an equivalent position within the company at the end of the 12-week statutory leave period and because the record contained no evidence that AT&T fired Walsh because of, or in retaliation for, his use of FMLA leave. Finally, as to the plaintiff's state law claims, the district court held that Walsh

had failed to establish a genuine issue of material fact that would preclude judgment in favor of the defendant.

On appeal, Walsh challenges the district court's rulings regarding only the disability discrimination causes of action, the FMLA claim, and a derivative state-law claim for loss of parental consortium. After an examination of the appellate record and the briefs of the parties, we conclude that the district judge accurately identified the relevant law and correctly applied that law to the facts before the court. Because another full opinion by this court would thus be duplicative and would serve no precedential purpose, we AFFIRM the grant of summary judgment to the defendant in this matter on the basis of the extensive, detailed discussion and the valid reasoning employed by the district court in its opinion and order filed on July 11, 2007.